# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC COLEMAN,

                Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF WISCONSIN, *doing business as* ANTHEM BLUE CROSS AND BLUE SHIELD, MOLINA HEALTHCARE OF WISCONSIN INC., and HOME DEPOT WELFARE BENEFITS PLAN,

                Involuntary Plaintiffs,

v.

SPEEDWAY LLC and ABC INSURANCE COMPANY,

                Defendants.

Case No. 18-CV-636-JPS

**ORDER**

      This is a slip-and-fall action arising from an incident involving Plaintiff Eric Coleman ("Coleman") at a convenience store in Milwaukee, Wisconsin owned by Defendant Speedway LLC ("Speedway"). (Docket #1). The case was originally filed in Milwaukee County Circuit Court and was removed to this Court on April 20, 2018. *Id.* At that time, Coleman was represented by counsel. On June 7, 2018, Coleman's counsel moved for leave to withdraw, and the magistrate judge then presiding over the action granted the motion. (Docket #12). Plaintiff has been proceeding *pro se* since then.

On July 18, 2018, the case was reassigned to this branch of the Court, and a scheduling conference was held shortly thereafter. (Docket #22). Coleman appeared by telephone for the conference. *Id.* After the conference, the Court issued a comprehensive trial scheduling order which included, for Coleman's benefit, copies of certain procedural rules and a monograph prepared by court staff to address common questions that arise in *pro se* civil litigation. (Docket #23).

On September 28, 2018, Speedway filed a motion to compel discovery responses from Coleman. (Docket #25). Speedway explained that Coleman had not provided responses to its discovery requests or his initial disclosures as required by Federal Rule of Civil Procedure 26(a). (Docket #26). Coleman did not respond to the motion to compel. Therefore, on November 2, 2018, the Court granted Speedway's motion and ordered that Coleman provide his initial disclosures and responses to Speedway's discovery requests within fourteen days. (Docket #30). The Court explained that if Coleman failed to do so, this action would be dismissed without further notice. *Id.*

On December 12, 2018, Speedway filed a motion to dismiss under Federal Rule of Civil Procedure 37, explaining that Coleman still had not provided Speedway with initial disclosures or responses to their discovery requests. (Docket #31). Coleman has not responded to Speedway's motion to dismiss, and the time for him to do so has long since passed. *See* Civ. L. R. 7(b).

The dismissal of a case as a Rule 37 discovery sanction is appropriate when the court finds willfulness, bad faith, or fault on the part of the defaulting party. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190–91 (7th Cir. 2011). Coleman's failure to provide initial disclosures and responses to

Speedway's discovery requests, even after being ordered to do so by the Court, amounts to bad-faith, contumacious conduct. *See Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (dismissal of *pro se* plaintiff's action under Rule 37 was appropriate where plaintiff failed to timely and completely respond to discovery, produced no documents, and failed to attend the final pretrial conference despite a court order to appear). Coleman was on notice that this case would be dismissed if he failed to comply with the Court's order that he produce the discovery Speedway sought. Further, Coleman has not attempted to defend his conduct by filing a response to Speedway's motion to dismiss. The Court will, therefore, grant Speedway's motion and dismiss his complaint.

Finally, because the claim and cross-claim filed by involuntary plaintiff Blue Cross Blue Shield of Wisconsin is contingent upon the success of Coleman's claim, such claim and cross-claim will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Speedway LLC's motion to dismiss (Docket #31) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Eric Coleman's complaint (Docket #1-3) be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Involuntary Plaintiff Blue Cross Blue Shield of Wisconsin's claim and cross-claim (Docket #4) be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge